LIZZIE SULLIVAN v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

November 6, 1903.

Nos. 13,586—(90).

**Railway Station—Defective Platform.**

Respondent visited the station house of appellant company during the evening for the purpose of finding her husband, who, she supposed, had gone there to transact business with the company.    It was after the regular evening passenger train had arrived and departed, the depot was closed to the public, and the lights in the office and on the platform had been turned out, and the agent had departed.    The premises were dark, and in going along the platform toward the office respondent stepped into a hole and was injured.

**Personal Injury.**

Conceding that appellant was guilty of negligence in not exercising ordinary care as to the condition of the platform, respondent cannot recover, for the reason that under the circumstances appellant owed her no duty, and she went upon the premises at her peril.

Appeal by defendant from an order of the district court for Wright county, Giddings, J., granting a motion for a new trial.    Reversed.

*Alfred H. Bright, J. H. Wendell,* and *C. A. Pidgeon,* for appellant. *F. E. Latham* and *James C. Tarbox,* for respondent.

LEWIS, J.

This action was brought to recover damages for personal injuries occasioned by stepping into a hole in the depot platform of appellant

---

[1] Reported in 97 N. W. 114.

company. At the close of the evidence defendant moved for a verdict upon the ground that plaintiff had failed to prove a cause of action, because she had no right to be upon the depot platform at that time, and because it conclusively appeared from the evidence that the company was not responsible for the defect in the platform. The motion was granted, and plaintiff moved for a new trial upon the ground that the verdict was not justified by the evidence, and that the court erred in rejecting certain testimony offered by plaintiff as to the condition of the plank which had been broken or removed, causing the hole. From an order granting a new trial, appeal was taken.

It does not appear upon what ground the court granted the motion, but, if it conclusively appears from the evidence that plaintiff cannot recover in any respect, it will be unnecessary to consider the second ground. Plaintiff was a married woman, twenty nine years of age, and resided in the village of Maple Lake, with her husband, who was in the butcher business. The depot is situated about a block from the butcher shop, and at about 8.20 on the evening of October 8, 1901, her husband left the shop, and went towards the depot, for the purpose of attending to the shipping of a carload of stock, at which time the station was open and lighted and the lamp on the station platform was burning. The regular west-bound passenger train arrived and departed some time between 8.20 and 8.28. Plaintiff's husband reached the depot within ten or fifteen minutes after the train departed, was there about five minutes transacting business with the agent, and then went to the stockyards in the vicinity; and after his departure the agent closed the office, put out all the lights, and went home. Soon after the agent went away, plaintiff left the butcher shop and went to the depot for the purpose of finding her husband and getting the keys from him that she might lock up the shop. She was accompanied by a younger sister, who testified that plaintiff went upon the platform in the usual way, walked along towards the door of the depot office, and stepped into the hole, resulting in the injuries complained of; that she helped her out, and in about ten minutes assisted her home. Plaintiff testified that there were no lights, and it was very dark. From these undisputed facts it is clear that, although the plaintiff went to the depot expecting to find her husband there, she knew the train had come and

gone, and as she approached the depot she saw that the lights had been turned out.

In the case of Klugherz v. Chicago, M. & St. P. Ry. Co., supra, page 17, it was held that, if respondent went upon the station grounds in good faith, in pursuance of the purpose of meeting a person for business consultation, who he had reason to believe was to take a train, the company owed him the duty of ordinary care in conducting the unloading operations. It was quite clear in that case that, if respondent had gone to the depot about train time for the purpose of taking the train or accompanying one who was to take it, and was injured, he would not be a trespasser, and would be entitled to recover; but a serious question was raised whether liability arose under the peculiar circumstances of the injury and the time he visited the station. It was held that there was no reasonable distinction between visiting a depot for the purpose of taking a train or accompanying a person boarding a train and going to the depot to have a business conference with one about to depart or arrive. It was also considered that a mistake of an hour as to the time of the arrival or departure of the train would not, of itself, relieve the railroad company.

But there is a clear distinction between the facts in that case and the one now before us. There the accident occurred in the daytime, and there was nothing to notify the visitor that the premises were intended to be closed to the public at that particular time. Here it was past business hours, the lights were turned out, and the premises enveloped in darkness. There was no act on the part of the company to lead plaintiff to believe that it was holding its place of business open to the public, or even to suggest that her husband was transacting business in the depot office, except the fact that some time prior she had seen him go in that direction. On the contrary, there was everything to notify her that the place was closed. In the absence of some invitation, express or implied, to go upon the premises at that time of night, plaintiff assumed the risk consequent upon her movements. There is nothing to suggest that the company was guilty of gross negligence in the care of its platform and in permitting the hole to remain unprotected.

For these reasons the first order of the trial court was right, and the order granting a new trial was error.

Order reversed.