## EDWARD H. FOX v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

May 19, 1911.

Nos. 16,960—(42).

**Railway — duty to person not a passenger.**

A railway company is under no duty to' hold a train at a way station to give a person who has gone on a train for a conference with a passenger time to alight therefrom, or to aid such person in getting off the train safely by giving signals or lighting the station platform; the trainmen having no notice that such person was about to leave the train, and having in no way assented to his going on the train for said purpose.

**Same — risk of injury.**

A person who goes upon a train to confer with a passenger thereon, without giving the trainmen notice of his so doing, or obtaining their assent thereto, assumes the risk of the train starting without signals while he is getting off, and of the unlighted condition of the platform.

Action in the district court for Ramsey county to recover $26,500 for personal injuries received at Gibbon, Minnesota. The answer admitted defendant was a railroad corporation, and owned and oper-

[1]Reported in 131 N. W. 374.

[Note] Injuries in getting on and off railroad trains, including question of rights of persons assisting passengers on board, see note in 21 L.R.A. 354.

ated a line of railway running through the village of Gibbon; that in that town it maintained a depot with the usual appurtenances for the accommodation of passengers and freight traffic; that it operated its line of railway as a common carrier of passengers for hire, and owned and controlled the general tracks, engines, cars and other appurtenances and equipment, including railway stations and depots; that on August 2, 1909, plaintiff was injured by one of its passenger trains. The case was tried before Olin B. Lewis, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Thomas C. Daggett* and *Edward B. Graves,* for appellant.

*W. H. Bremner, George W. Seevers,* and *Eugene Bryan,* for respondent.

SIMPSON, J.

This action was brought by plaintiff to recover for an injury claimed to have been caused by defendant's negligence. Upon the trial the court, on motion of the defendant made at the conclusion of plaintiff's testimony, directed a verdict for the defendant. The plaintiff, by this appeal, questions the correctness of the court's ruling granting such motion for a directed verdict. The facts here material, as disclosed by the evidence, are as follows:

The plaintiff had been employed at Gibbon for several months. On the evening of August 2, 1909, he had an appointment with one Colton to meet him in the smoking car of a train of the defendant company which reached Gibbon about 11:27 that night. When the train arrived in Gibbon, the plaintiff came around the end of the train, ran along the side of the cars, and got on the train at the end of the smoker. He walked through the smoker, saw that Colton was not there, went out at the front end of the car, and attempted to get off the train. As he stood with one foot on the bottom step of the car, feeling for the platform with his other foot, the train started and swung him around, and he fell from the train, receiving a serious injury. The station platform was unlighted, and it was a dark night. The plaintiff saw or heard no signals given of the starting of the train. The train remained standing at the platform a shorter

114 M.—22.

time than the usual stop at that station, as theretofore observed by the plaintiff. The plaintiff did not see either the conductor or brakeman of the train, and informed no one connected with the train of his intention of getting on or getting off the train.

From this statement of the facts it is apparent that the plaintiff was not a passenger upon defendant's train; that the trainmen, having no notice of plaintiff's boarding and attempting to alight from the train, and having in no way assented to his doing so, were not charged with any duty to hold the train for his convenience, or to aid him in alighting safely from the train, by giving signals of the starting of the train or otherwise. The absence of light on the station platform was apparent to plaintiff, and the company neither expressly nor impliedly extended to him an invitation to use the unlighted platform to get on and off its train for his own personal purposes. The evidence failed, therefore, to show any negligence on the part of the defendant causing the injury.

Further, the plaintiff knew this was a way station, that this train made a short stop there, and that the platform was not lighted at this time. In going on the train without notifying the trainmen, he assumed the risk of the train starting at any time, and of receiving an injury as a result of the known conditions. It follows that the action of the trial court in directing a verdict was justified and required. In Klugherz v. Chicago, M. & St. P. Ry. Co., 90 Minn. 17, 95 N. W. 586, 101 Am. St. 384, and Sullivan v. Minneapolis, St. P. & S. S. M. Ry. Co., 90 Minn. 390, 97 N. W. 114, 101 Am. St. 414, is discussed at some length the duty a railway company owes persons using depot grounds and platforms, not for the transaction of business with the company, but in a usual and reasonable manner as an incident to the business of the company with others. The principles announced in those cases, so far as applicable, sustain the action of the trial court in this case. There is a suggestion made in appellant's brief that the plaintiff might have become a passenger on the train. Such fact is not made to appear in any way by the evidence.

The order of the court below, denying plaintiff's motion for a new trial herein, is affirmed.